IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GERALD DENNIS SPEARS,

        Plaintiff,

v.                                          Case No. 2:20-cv-00126

JOHN BESS, Unit Manager, and
RALPH TERRY, Warden,

        Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**THE PLAINTIFF'S ALLEGATIONS**

On February 13, 2020, Plaintiff filed the instant Complaint (ECF No. 2) alleging that, on February 16, 2018, he slipped and fell while walking down a set of stairs in his unit at the Mount Olive Correctional Complex ("MOCC"). Plaintiff claims that the stairs were wet and that "no wet floor signs were posted warning this Plaintiff and or others of the fact that the steps could be/were wet." (*Id*. at 3). Plaintiff reported the incident and was subsequently taken to the medical unit for diagnosis and treatment of bruising and swelling of his lumbar region. (*Id*. at 3-4).

Plaintiff filed a grievance concerning the failure of pod janitors to post wet floor signs after mopping. Defendant Bess, Plaintiff's Unit Manager, responded to the grievance stating:

> Sir, the signs are available and I have spoken to the janitors about utilizing them. The signs are rarely used as you can a test [sic] to on the stairs due to the traffic and space around the stairs being restricted. You should always use caution when you see the pod janitors mopping the floor or performing other tasks within the pod. You are fully aware of the janitors['] schedule.

(ECF No. 2 at 4-5 and Ex. 4). Defendant Terry, who was then the Warden at MOCC, affirmed Bess's response to the grievance. (*Id.* at 5 and Ex. 4).

Plaintiff asserts that Defendants owed a duty of care to him and others to ensure their safety and that Defendants acted "negligently" and "committed a Breach of Duty." (*Id.* at 5). He seeks $25,000 in damages, court costs, and requests that the "issue [be] corrected so it doesn't happen in the future." (*Id.* at 6).

## **STANDARD OF REVIEW**

Because Plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, a district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Mem'l Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Med. Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure). Because it is apparent that this court lacks subject matter jurisdiction over this action, Defendants have not been served with process and should not be required to appear.

## ANALYSIS

The undersigned construes Plaintiff's Complaint to solely assert a claim of negligence against the defendants, over which this federal court lacks subject matter jurisdiction. Plaintiff specifically alleges that Defendants were "negligent[]" based on their breach of a duty of care, which sounds in state tort law. Plaintiff has not sufficiently alleged a claim that would entitle him to relief under the United States Constitution or any federal statute. Thus, he has not stated a federal question, as required for this court to have subject matter jurisdiction under 28 U.S.C. § 1331. Nor can Plaintiff meet the requirements for diversity of citizenship jurisdiction, as both he and the defendants appear to be citizens of the State of West Virginia and the amount in controversy does not exceed $75,000. 28 U.S.C. § 1332. Therefore, this court lacks jurisdiction over his state law negligence claim.

## RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that this United States District Court lacks subject matter jurisdiction over Plaintiff's claims against Defendants. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b)(2), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days

(mailing/service), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

August 31, 2020

Dwane L. Tinsley
United States Magistrate Judge