## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

GERALD DENNIS SPEARS,

    Plaintiff,

v.                                              CIVIL ACTION NO.  2:20-cv-00126

MR. JOHN BESS, et al.,

    Defendants.


### ORDER

This action was referred to United States Magistrate Judge Dwane Tinsley for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. For the reasons that follow, I find that the court lacks subject matter jurisdiction and **DISMISS** this civil action.

### I.    The PF&R

On August 31, 2020, Magistrate Judge Tinsley submitted his Proposed Findings & Recommendations [ECF No. 7] ("PF&R") and recommended that the court dismiss Plaintiff's case for lack of subject matter jurisdiction. The PF&R included notice to the parties of their right to make objections and the deadline by which those objections must have been made. The Clerk attempted to mail a copy of the PF&R to Plaintiff at the Mount Olive Correctional Complex, using the address Plaintiff provided the court when he filed his complaint. However, on September 15, 2020, the mail was returned to the court as undeliverable. [ECF No. 9]. The West Virginia

Division of Corrections and Rehabilitation Offender Search reveals that Mr. Spears is no longer in the custody of the State of West Virginia. Though over four months have passed, Mr. Spears has neither contacted the Court to inquire about the status of his case, nor has he provided the court with his new address. Though the PF&R is public record, to date, it has not been successfully mailed to Mr. Spears and I cannot confirm that he has otherwise received it.

Whether Mr. Spears has had an opportunity to review and make objections to the PF&R is relevant because a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). While neither party has objected, I recognize that Mr. Spears is pro se and has not received a copy of the PF&R from the court which would have informed him of the consequences of failing to object. While it is Mr. Spears's responsibility to provide the court with an address at which he can be reached, and if he had done so, he would have received the PF&R, I will review the PF&R de novo out of an abundance of caution.

## II.   De Novo Review

### A. The Complaint

In his complaint, Mr. Spears alleges that he slipped and fell while walking down a set of stairs in his unit at the Mount Olive Correctional Complex ("MOCC"). [ECF No. 2, at 3]. Mr. Spears alleges that the floor was wet but that no "wet floor" sign had been posted to warn him. *Id.* Mr. Spears filed this suit against his Unit Manager, John Bess, and the then-Warden of MOCC, Ralph Terry. Mr. Spears asserts that the defendants owed him a duty of care, "acted negligently," and "committed a Breach of Duty." *Id.* at 5. Mr. Spears seeks $25,000 in damages from each Defendant, court costs, and requests that the "issue [be] corrected so it doesn't happen in the future." *Id.* at 6.

Magistrate Judge Tinsley found that the court lacks subject matter jurisdiction over Mr. Spears's claims because the complaint does not present a federal question or meet the requirements for diversity jurisdiction. [ECF No. 8, at 3]. Conducting a de novo review, I also find that the court lacks subject matter jurisdiction and **DISMISS** this case.

### B. Federal Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. The basic statutory grants of federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal question jurisdiction while § 1332 authorizes jurisdiction based on diversity of citizenship. Federal question jurisdiction exists when a plaintiff "pleads a colorable claim 'arising under' the Constitution or laws of

the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513, 126 S. Ct. 1235, 1244 (2006) (citing *Bell v. Hood,* 327 U.S. 678, 681–685 (1946)); 28 U.S.C. § 1331. Even when a lawsuit does not raise a federal question, federal jurisdiction is authorized if the claim is between parties of diverse citizenship and the amount in controversy is more than $75,000. 28 U.S.C. § 1332.

### C. Application

Here, it is clear that no federal jurisdiction exists. There is no federal question because Mr. Spears has not alleged a claim arising under the Constitution or any federal law. Instead, Mr. Spears claims only negligence on the part of the defendants. A mere negligence claim of this nature is a matter of state law. Further, there is no diversity jurisdiction. While it is not clear whether the parties are of diverse citizenship, Mr. Spears's complaint plainly does not satisfy the amount in controversy requirement of more than $75,000. Mr. Spears seeks a monetary award of $25,000 from each defendant, [ECF No. 2 at 6], for a total of only $50,000.

### III. Conclusion

Because the parties have not filed objections in this case, and because the court lacks subject matter jurisdiction, this case is **DISMISSED without prejudice** and removed from the court's active docket. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     January 13, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4